# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JONATHAN ELLINGTON TAYLOR**, on behalf of himself and all others similarly situated<br><br>    Plaintiff,<br><br>    vs.<br><br>**EVIDENT ID, INC.,**<br><br>    Defendant. | CASE NO. |

## CLASS ACTION COMPLAINT
## [JURY DEMAND ENDORSED HEREIN]

## PRELIMINARY STATEMENT

1.  Plaintiff, Jonathan Ellington Taylor, on behalf of himself and all others similarly situated, brings this civil action for damages against Defendant Evident ID, Inc., ("Evident ID") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*

2.  Evident ID, Inc. operates a national database of public records and related employment histories as a nationwide consumer reporting agency ("CRA"). It maintains a FCRA database to prepare and furnish consumer reports for employment and other purposes. Evident ID provided these consumer reports to prospective and existing employers of Taylor and members of the putative class. Many of these employers refused to hire Taylor and other individuals based in whole or in part on the contents of the consumer reports.

3.  Taylor brings class claims under 15 U.S.C. § 1681k against Evident ID because it did not provide Taylor and other similarly situated consumers notice that it was furnishing an employment-purposed consumer report containing adverse public record information at the time

it did so. This important requirement is intended to give consumers an opportunity to preemptively contact the reporting agency to obtain and, where appropriate, correct inaccuracies in the furnished report. It also is intended to alert the consumer to the employer's use of the report and provide them the opportunity to address any concerns or derogatory history in the report directly with the employer. Evident ID's failure to comply with these longstanding requirements denied Taylor and each putative Class Member these important rights.

4. Taylor also brings an individual claim under 15 U.S.C. § 1681e(b), which requires Evident ID to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. Here, Evident ID sold a report about Taylor that falsely identified him as a felony drug trafficker even though he has no criminal history. This is clearly the product of Evident ID's failure to implement and follow reasonable procedures to ensure the accuracy of its reports.

## THE PARTIES

5. Taylor is an adult individual residing in Germantown, Ohio, and is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

6. Evident ID is a Delaware corporation with a principal place of business located in Atlanta, Georgia, which regularly conducts business in in the State of Ohio. Further, Evident ID is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. §1681a(f).

## JURISDICTION AND VENUE

7. This Court possesses federal question jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. §1331.

8. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) and (2) because a substantial part of the events or omissions giving rise to this action occurred in the Southern

District of Ohio, and Evident ID possesses sufficient contacts with this District to be deemed to reside in this District.

**FACTUAL ALLEGATIONS**

9. Evident ID operates a national database of public record information, from which it compiles consumer reports for companies like Wag Labs, Inc., who are vetting potential workers' criminal backgrounds.

10. As part of its general process, Evident ID gathers demographic information about individuals to match them with records within its database.

11. On or about September 18, 2018, Evident ID received a request from Wag Labs, Inc. for Taylor's consumer report in connection with employment. At that time, Evident ID collected Taylor's first name, middle initial, last name, driver license number, address and the last four digits of his social security number.

12. Despite Taylor's common name, Evident ID matched him with a separate individual using only a first name and last name who was previously convicted of felony drug trafficking in Warren County, Ohio. Evident ID did not attempt to match any of the other personal identifiers that it received from Mr. Taylor.

13. Recognizing the high potential inaccuracy, Evident ID merely denoted that the match was based solely on the subject's first name, last name, and purportedly, date of birth—implying that its "match" should not be trusted. This underscores Evident ID's knowledge that such limited information is insufficient to accurately report a match.

14. Wag Labs used Evident ID's report to deny Taylor employment opportunities.

15. Evident ID's loose matching criteria combined with its use of database-driven public records data is not a reasonable means to ensure the accuracy of the information contained

in its reports.

16. Moreover, Evident ID's procedures are not intended to ensure that the public record information contained in its reports is complete and up to date.

17. At no point does Evident ID provide notice to individuals that it has provided adverse public record information for employment purposes as required by 15 U.S.C. § 1681k.

18. At all relevant times, Evident ID was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Evident ID.

19. At all relevant times, Evident ID's conduct, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Taylor.

20. As a result of its FCRA violations, Evident ID is liable to Taylor, and to each Class Member, for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

21. Further, Evident ID is liable to Plaintiff for his actual damages resulting from the inaccuracies contained in his Evident ID reports, as well as attorneys' fees and costs. 15 U.S.C. § 1681o.

## PLAINTIFF'S PROPOSED CLASS

22. Pursuant to Federal Rule of Civil Procedure 23 and 15 U.S.C. § 1681k, Plaintiff brings this action for himself and on behalf of a class ("the 1681k Notice Class") defined as:

> All individuals residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of an Evident ID consumer report issued after September 16, 2018 and furnished to a third party, (b) for an employment-related purpose, (c) that contained at least one public record

4

of a criminal conviction or arrest, civil lien, bankruptcy or civil judgment, and (d) to whom Evident ID did not place in the United States mail postage pre-paid, on the day it furnished the report, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report.

23. Specifically excluded from this Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Evident ID releases of all their Class claims; and (d) Defendants' employees, officers, directors, agents, and representatives and their family members.

## RULE 23(A) PREREQUISITES

24. **Numerosity.** The Class is so numerous that joinder of all members is impracticable. Based on information and belief, the Class is comprised of thousands of members geographically dispersed throughout the United States rendering joinder of all Class Members impracticable. The names and addresses of the Class members are identifiable through documents maintained by Evident ID, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

25. **Commonality**. Common questions of law and fact exist as the Class Members. Without limitation, the total focus of the litigation will be Evident ID's uniform conduct and procedures, whether Evident ID sent the required notices, when it did so, and whether Evident ID acted willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of these notices. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question for members of the Class.

26. **Typicality.** Plaintiff's claims are typical of the other Class Members' claims. As described above, Evident ID uses common practices and automated systems in committing the conduct that Plaintiff alleges damaged them and the Class. Plaintiff seeks only statutory and

punitive damages for his classwide claims and, in addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class. Evident ID uniformly breached the FCRA by engaging in the conduct described above, and these violations had the same effect on each member of the Class.

27. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class and Subclass. Plaintiff's interests coincide with, and are not antagonistic to, other Class Members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex, commercial, multi-party, consumer, and class-action litigation. Plaintiff's Counsel have prosecuted complex FCRA class actions across the country.

## RULE 23(B) PREREQUISITES

28. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual members of the class and because a class action is superior to the other available methods for the fair and efficient adjudication of this litigation. Evident ID's conduct described in this Complaint stems from common and uniform policies and practices resulting in common violations of the FCRA. Class certification will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Evident ID's practices. Moreover, management of this action as a class action will not present any likely difficulties. The class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

## COUNT I
## VIOLATIONS OF 15 U.S.C. § 1681k(a)(1) – Class Claim

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Evident ID is liable to Plaintiff for:

    (a) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, information and file, in violation of 15 U.S.C. §1681e(b); and

    (b) willfully and negligently failing to provide notice to Plaintiff that public record information was being reported for employment purposes in violation of 15 U.S.C § 1681(k);

31. The conduct of Evident ID was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

32. As a result of the violations of the FCRA by Evident ID identified herein, Evident ID is liable to Plaintiff for damages to include statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C §1681n. Alternatively, Evident ID's violations were negligent, and Taylor seeks issue certification based on Evident ID's negligence under Fed. R. Civ. P. 23(c)(4).

## COUNT II
### VIOLATIONS OF 15 U.S.C. § 1681e(b) – Individual Claim

33. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

34. Plaintiff brings this claim for himself individually.

35. Evident ID's failure to exclude from Plaintiff's report inaccurate derogatory information caused Wag Labs, Inc.'s to deny Plaintiff employment opportunities.

3. Had Evident ID employed, as the FCRA requires, "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates," Plaintiff's report would not have included this derogatory, and inaccurate, information.

4. Failure to employ such procedures violates 15 U.S.C. § 1681e(b), entitling Plaintiff to actual damages for this failure under 15 U.S.C. § 1681o. Alternatively, Evident ID's violation was willful, rendering it liable for actual damages or statutory damages together with punitive damages under 15 U.S.C. § 1681n.

5. As a result of this conduct by the Evident ID, the Plaintiff suffered actual damages, including without limitation, by example only and as described herein on his behalf by Counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

6. Plaintiff is also entitled to recover costs and attorney's fees as well as appropriate equitable relief from Evident ID in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

1. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

2. That judgment be entered for the proposed Class against Evident ID for statutory damages and punitive damages for violation of 15 U.S.C. § 1681k(a) pursuant to 15 U.S.C. § 1681n;

3. Alternatively, that the Court, in accordance with Fed. R. Civ. P. 23(c)(4), certify the Class on the issue that Evident ID's FCRA violations were negligent under 15 U.S.C. § 1681o;

8

4. That judgment be entered for Plaintiff individually against Evident ID for actual and/or statutory damages and punitive damages for violation of 15 U.S.C. § 1681e(b) pursuant to 15 U.S.C. §§ 1681n and 1681o; and

5. That the Court award reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681n and/or 1681o; and

6. That the Court grant such other and further relief as may be just and proper, including but not limited to any equitable relief that may be permitted.

## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

Respectfully submitted,

/s/ Matthew A. Dooley
O'TOOLE, McLAUGHLIN, DOOLEY & PECORA CO., LPA
Matthew A. Dooley (OH 0081482)
Stephen M. Bosak, Jr. (OH 0092443)
5455 Detroit Road
Sheffield Village, Ohio 44054
Tel: (440) 930-4001
Facsimile: (440) 930-7208
Email: mdooley@omdplaw.com
sbosak@omdplaw.com

GORSKI LAW, PLLC
Greg Gorski, Esquire (*Pro hac vice* forthcoming)
1635 Market Street, Suite 1600
Philadelphia, PA 19103
Telephone: 215-330-2100
Email: greg@greggorskilaw.com

*Counsel for Plaintiff and the Putative Class*